IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL RANSOM HOBBS, II                                                                    PLAINTIFF

v.                               Civil No.  3:23-cv-03015-TLB-MEF

CORPORAL ZACHARY BYRD and                                                              DEFENDANTS
MOUNTAIN HOME POLICE
DEPARTMENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

At the time of the incident alleged in the Amended Complaint, Plaintiff was incarcerated in the Baxter County Detention Center ("BCDC").  (ECF No. 5 at 4).  On July 9, 2021, at approximately 6:00 a.m., Plaintiff, while handcuffed to a bench, was approached by Officer Byrd of the Mountain Home Police Department ("MHPD"). *Id.*  Officer Byrd sat down next to Plaintiff and asked him for the security code for his cell phone. *Id.*  When Plaintiff refused, Officer Byrd

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

demanded that Plaintiff give it to him because "he was going to get a warrant anyway[]." *Id.* When Plaintiff continued to refuse, Officer Byrd told Plaintiff "he was going to f--- me, he was going to do everything he could to f--- me." *Id.*

Plaintiff maintains Officer Byrd's actions constitute the use or threatened use of excessive force to obtain access to Plaintiff's cell phone without a warrant. (ECF No. 5 at 5). Plaintiff asserts he was sexually harassed, and he also notes that Officer Byrd completely lost his temper and was aggressively yelling the statements quoted above. *Id.*

Plaintiff alleges Officer Byrd then stole his cell phone, his prescription medications, approximately $8,000, and his car. (ECF No. 5 at 5). Although the court ordered the return of his property, Plaintiff maintains the MHPD refused to return any of his property. *Id.*

With respect to the MHPD, Plaintiff alleges it "commonly uses excessive force, stealing, sexual har[]assment, and har[]assment to keep the poverty stricken side of the City/Community oppressed." (ECF No. 5 at 5). Plaintiff feels like he can be detained at any time and held without bond. *Id.* at 6. As it is nearly impossible to hold them accountable, Plaintiff asserts the "people live in fear of retaliation, if we attempt to stand up to the Tyranny that controls us." *Id.* Finally, Plaintiff asserts the police violate their oaths daily "in order to keep us afraid." *Id.*

Plaintiff maintains the incident has changed his "outlook on life." (ECF No. 5 at 5). He asserts he has been mentally scarred and lives in fear of the MHPD and Officer Byrd. *Id.* Plaintiff indicates he has "been shoved into depression , and have constant fear & anxiety now." *Id.* at 8. As relief, Plaintiff seeks compensatory and punitive damages. *Id.* at 9.

## II.     LEGAL STANDARD

Under the IFP statute, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that:

(1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.   ANALYSIS

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States. Officer Byrd was clearly acting under color of state law. Thus, the question is whether Officer Byrd's actions violated the Plaintiff's constitutional rights.

#### A. Verbal Harassment

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does

not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under section 1983). "'The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991)). The Eighth Circuit has held that a threat "constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff and plaintiff suffers the deprivation of a constitutional right." *Id.* (cleaned up). Plaintiff has not alleged Officer Byrd exhibited any conduct suggesting he intended to act, or did act, on the alleged threats.

Plaintiff viewed the harassment as being sexual in nature. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (cleaned up). In an unpublished decision, *Howard v. Everett*, 208 F.3d 218, *1 (8th Cir. 2000) (table), the Eighth Circuit noted that although "sexual comments and gestures were reprehensible," that "sexual harassment, absent contact or touching, does not constitute the unnecessary and wanton infliction of pain." *Id.* While the Court does not condone Officer Byrd's conduct, under the circumstances of this case, where no contact or touching is involved, even if the Court considers the harassment to be sexual in nature as maintained by Plaintiff, no plausible claim is stated against Officer Byrd.

### B. Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that '[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established state procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the State, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.*

Plaintiff alleges Officer Byrd stole his cell phone, his prescription medications, approximately $8,000, and his car.[2] Plaintiff has not alleged that the deprivation was made pursuant to an established state procedure. Thus, even if Officer Byrd intentionally deprived Plaintiff of his property, a post-deprivation remedy is all the process Plaintiff is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process

---

[2] Plaintiff does not allege that Officer Byrd searched the digital contents of the phone prior to obtaining a warrant. Plaintiff only maintains the cell phone was seized. *Riley v. California*, 573 U.S. 373, 386 (2014) ("officers must generally secure a warrant before conducting" a search of a cell phone).

when meaningful post-deprivation remedy is available).  Arkansas law provides such a post-deprivation remedy through an action for conversion.  *See, e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).  No plausible due process claim is stated based on Officer Byrd's taking of Plaintiff's property.

### C.  Mountain Home Police Department

A police department is not a legal entity subject to suit under § 1983.  *Wright v. Bella Vista Police Dep't*, 452 F. Supp. 3d 830, 835 (W.D. Ark. 2020) (citing *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992)).  Therefore, Plaintiff has stated no plausible claim against the MHPD.

Plaintiff has, however, asserted an official capacity claim against Officer Byrd.  This is treated as a claim against the City of Mountain Home.  *Veatch v. Bartels Lutheran Home*, 627 F. 3d 1254, 1257 (8th Cir. 2010).

### D.  Fourth Amendment Claim

The Fourth Amendment protects persons against "unreasonable searches and seizures," and typically requires a warrant based on probable cause.  U.S. Const. amend IV.  "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing . . . reasonableness generally requires the obtaining of a judicial warrant."  *Vernonia Sch. Dist. 47 J v. Acton*, 515 U.S. 646, 653 (1995).  Unless they fall within an "established and well-delineated exception[]" to the Fourth Amendment's warrant requirement, searches and seizures conducted without a warrant are *per se* unreasonable.  *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

One such exception is a search incident to arrest.  *Riley v. California*, 573 U.S. 373, 382 (2014).  This exception does not appear to apply in this incident.  Plaintiff was in the detention

center when he says Officer Byrd approached him and "stole" or took possession of his property for the MHPD. Plaintiff has, therefore, alleged a plausible Fourth Amendment claim.

### IV.    CONCLUSION

Accordingly, it is recommended that the following claims be **DISMISSED WITHOUT PREJUDICE:**

- the verbal harassment claim;
- the deprivation of property claim; and
- the claims against the Mountain Home Police Department.

This leaves for later consideration Plaintiff's Fourth Amendment claim. By separate order the Amended Complaint (ECF No. 9) will be served on Officer Byrd.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of March 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE